Mary E. Denham, et al., Appellants, *v.* Mark Cornell, impleaded, etc., Respondent.

Where one having an interest in lands dies intestate after the sale thereof, his interest in the money realized from the sale is personal estate and goes to the administrators, not to the heirs at law.

Mrs. C., a married woman, owned certain lands subject to a mortgage, which was foreclosed. C., her husband, in fraud of her rights, bid off the premises, in his own name, on foreclosure sale and caused the same to be conveyed to H., who thereafter, at the request of C., conveyed to J. & M. in trust for C. C. contracted to sell the premises to S., but before conveyance Mrs. C. commenced this action, to restrain the conveyance, to have herself declared the beneficiary, and to compel a conveyance by J. and M. to herself. Upon motion for a preliminary injunction, an order was granted with the consent of plaintiff that the sale to S. should be completed, plaintiff also giving a deed, and that

the proceeds, after deducting certain liens, be paid into court to abide the event. This order was complied with. Mrs. C. thereafter died, her husband was appointed administrator, and her heirs at law were substituted as plaintiffs herein. *Held,* that C. was entitled to the balance of the proceeds, as administrator, and that the complaint was properly dismissed.

(Argued November 23, 1876; decided December 22, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 7 Hun, 662.)

This action was brought originally by Maria Jane Cornell, wife of defendant Mark Cornell, to restrain the perfecting of a sale of certain premises in Westchester county to defendant Stewart; to have it adjudged that a deed conveying said premises to defendant Hopper in trust for defendant Cornell and a deed from Hopper to defendants Jayne and Mercer, also in trust for Cornell, were taken, and that the premises were held thereunder in trust for plaintiff as the rightful owner.

The referee found in substance as follows:

That the original plaintiff was, in the year 1869, and prior thereto, the owner in her own right of the tract or farm described in the complaint. That at the time there was a mortgage thereon to one Todd, which was being foreclosed; that a decree of foreclosure and sale was made on the 15th day of February, 1869. That prior to the sale under said decree, and on or about the month of March, 1869, plaintiff's husband, the defendant Mark Cornell, called upon her agents, the defendants Jayne & Mercer, and assuming to act on behalf of, and as agent for her, obtained from them the sum of $500 as an advance upon the account of said Maria Jane Cornell, promising to use the said sum to stop the foreclosure proceedings and sale above mentioned, and representing that he could with said sum stop the said foreclosure, and obtain a loan upon the property for an amount sufficient to pay the balance due on said mortgage being foreclosed, and agreed and undertook to do the same, and said sum was advanced by the said Jayne & Mercer on

the faith of said undertaking. That Cornell attended the sale of said premises under said decree, and purchased in his own name; that he directed the sheriff to make the deed to defendant, Edward Hopper, Jr. That the said Hopper executed a mortgage upon said premises to one William Purdy to secure the sum of $3,000, which sum, with the sum of $370, was paid by Cornell to the sheriff to procure the deed. That at the request of Cornell the said Hopper executed a deed of the premises to Jayne & Mercer, who executed a declaration of trust or agreement to the effect that they held the said premises in trust, first to secure the payment of $5,000 and interest from December 15, 1869, advanced by John Denham to the said Mark Cornell and Maria Jane, his wife; and second, after said sum and interest were paid to hold the said premises for the use and benefit of Mark Cornell, and agreed that they would convey the said premises to whomever the said Mark Cornell might direct. That on or about the 29th day of May, 1871, Cornell agreed to sell the premises to defendant Alexander T. Stewart, for $14,000, and directed Jayne & Mercer to execute a deed thereof to said Stewart. That upon an order to show cause why a preliminary injunction should not be issued, and upon motion of plaintiffs' counsel, an order was granted directing a completion of the sale to Stewart; that plaintiff should also execute a deed to him; that defendants Jayne & Mercer should, out of the purchase-money, pay the sum provided for in the declaration of trust and the amount due on the mortgage to Purdy, and that they should pay the balance into court to abide the event of the action; which order was complied with. That the said Maria Jane Cornell died on or about the 25th day of January, 1872, intestate, and by an order of this court the action was revived and continued in the names of the present plaintiffs, who are the heirs at law of the said Maria Jane Cornell. That on the 2d day of February, 1872, the said Mark Cornell was duly appointed, and now is the administrator of the goods, chattels and credits of the said Maria Jane Cornell. And as conclusions of law the referee found that the said Edward Hopper, Jr.,

and the said Jayne & Mercer took and held the premises described in the complaint in trust for the said Maria Jane Cornell, subject to the mortgage executed to Purdy, and to the payment of whatever might be found due from Maria Jane Cornell to said Jayne & Mercer under the said declaration of trust. That by virtue of the order of this court and the deeds in pursuance thereof the proceeds of sale became and were personal property. That the present plaintiffs were not entitled to the relief demanded in the complaint, and said complaint should be dismissed.

*Wm. Peet* for the appellants. The doctrine of equitable conversion applies to this case and preserves the rights of Mrs. Cornell in the real estate. (L. & D. on Eq. Con., 2; Story's Eq. Jur. [11th ed.], 862, § 793.) The substitution of the money for the land could not change the rights of the parties unless Mrs. Cornell so intended it. (*Moses* v. *Murgatroyd*, 1 J. Ch., 119, 130; *Shumway* v. *Cooper*, 16 Barb., 556; *Foreman* v. *Foreman*, 7 id., 215; 11 N. Y., 544; *Hoey* v. *Kinney*, 10 Abb., 400; *Robinson* v. *McGregor*, 16 Barb., 531; *Durando* v. *Durando*, 23 N. Y., 331; *Williams* v. *McClanahan*, 3 Metc. [Ky.], 420; *Lloyd* v. *Hart*, 4 Barr., 473; 2 White's Eq. Cas. Pl., 1, p. 422; *Lynn* v. *Gephart*, 27 Md., 547; *Horton* v. *McCoy*, 47 N. Y., 21, 27; *Swezy* v. *Thayer*, 1 Duer, 286, 308, 309.)

*I. T. Williams* for the respondent. The real estate having become personal property by the sale before the death of Mrs. Cornell on the joining of issue herein, it would go to the respondent as surviving husband and as administrator of her estate. (1 R. L. of 1813, p. 539; 28 Cas., 2 ch., § 25; 1 P. Wms., 381, 383; 3 Atk., 527; *Whitaker* v. *Whitaker*, 6 J. R., 112; *Schuyler* v. *Hoyle*, 5 J. Ch., 196; 2 R. S., 75, § 30; *Graham* v. *Dickinson*, 3 Barb. Ch., 169, 173; *Bogart* v. *Furman*, 10 Paige, 496; *Lorillard* v. *Costar*, 5 id., 218; *Bogert* v. *Herbert*, 4 Hill, 492, 495; *Stagg* v. *Jackson*, 1 N. Y., 212; *Downing* v. *Marshall*, 2 id., 366, 392; *Horton* v.

*McCoy*, 47 id., 21, 25; *Savage* v. *Burnham*, 17 id., 569.) The conveyance by Mrs. Cornell was a ratification of the agreement to sell. (*Newton* v. *Bronson*, 13 N. Y., 587, 594.)

FOLGER, J. As matter of fact, the real estate of which Mrs. Cornell was once the owner, has been converted into personal property. This was done in her lifetime. It was done with her assent, and it was done with the sanction of the court; as a consequence legally flowing from the acts of her husband, by which acts she was bound, as far as Stewart, the purchaser, was concerned. Doubtless she had the same right to follow those moneys, which she would have had to pursue the land had it not been sold to Stewart. And so far, the moneys are to be regarded as impressed with the character of real estate, so that her equitable right to them may be sustained. But it is a different question, what would have been their character, had she succeeded in her action, and in her lifetime reduced them to possession. In such case, they would have been moneys in her hands, personal property. And so it is a different question, she dying her action undetermined, whether her heir at law or her administrator may follow them. Mrs. Cornell was in reality, in the first instance, the owner only of the equity of redemption in the lands, they having been mortgaged to one Todd. His mortgage had been foreclosed. If the sale in that foreclosure suit had been regular and without fraud towards her, all that Mrs. Cornell could have done would have been to obtain the surplus moneys, if any. She would have been entitled to these, as owner of the equity of redemption; but they were personal property, and would have been such in her hands when recovered. (*Wright* v. *Rose*, 2 Sim. & Stu., 323.) Had she died before the sale, the heir at law becoming the owner of the equity of redemption, would likewise have been entitled to them; but when obtained by him, they would have been personal property in his hands. If she had died after the sale, after the equity of redemption had by operation of law been converted in fact into moneys, the administrator would have been entitled

to them. (*Graham* v. *Dickinson*, 3 Barb. Ch., 169.) For neither she nor the heir at law would obtain them as in fact real estate; but as a personal fund, to which there was a right of resort, as a remuneration for the loss of the equity of redemption. (Id.) ·

Now in essence, the situation of the case is not different from that above supposed. There was a sale in the Todd foreclosure. It was fraudulent against Mrs. Cornell, so far as the purchaser, at that sale, was concerned. She could not, however, have disturbed the mortgage to Purdy, given thereon. All that she could have done, would have been to have maintained her right to the lands, subject to the Purdy mortgage. And so of the subsequent transactions, down to the contract of sale to Stewart; she being bound as to innocent third parties, by the acts of her husband, whom she had clothed with seeming authority, they were in effect but a continuation of the same right. She then became the rightful owner of all the unpaid purchase-money; not as real estate, but as a personal fund, to which she had an equitable right to resort, to remunerate her for the loss of her right of redemption from the mortgages. Her quit-claim deed and the order of the court were, in conjunction with the prior facts, and the legal results therefrom, as the operation of law, changing in her lifetime, her interest in the lands into personal estate, with such an equitable impress thereon, as enabled her to follow it (though it had become personalty), for her remuneration. As it became personalty in her lifetime, it must follow the course of that kind of estate, and go to her administrator. These are the rules which govern this transaction. Where real estate is, by virtue of a devise or grant, sold for a particular purpose, he who would at the time of the sale be entitled to the land if it were not sold, is entitled to the money for which it is sold. But if the one who is so entitled to the money, dies after he has received it, or after he has attained the right to receive it, the money is personal estate and goes to the administrator and not to the heir at law. (*Cruse* v. *Barley*, 3 Peere Wms., 19; *22 and note 1, where many authorities

are collected.) For the purpose of seeing it more clearly, the proposition may be differently stated. When the interest of the decedent has been in the land, and he has died before conversion, then his interest in the avails of the conversion goes to his heir at law. Where the conversion has taken effect before the death of the decedent, then his interest in the avails goes to the administrator. (Leigh & Dalzell on Eq. Conv.,* 96 [Law Lib., vol. 5, p. 47].) The cases illustrate those propositions. If one recover a judgment against the owner of an equity of redemption, before a sale on foreclosure of the mortgage, the judgment is a lien upon surplus moneys arising upon the sale. If the judgment be got after the sale, though before distribution of the surplus, there is no lien upon them. (*Sweet* v. *Jacocks,* 6. Paige, 355; *Douglass* v. *Houston,* 6 Ohio [Hammond], 182.) If real estate of a bankrupt be sold, during his lifetime, by the commissioners in bankruptcy, the surplus moneys in their hands, after the payment of the debts of the bankrupt, go to his administrators. If the sale had been after his death they would have gone to his heirs at law. (*Banks* v. *Scott,* 5 Madd., 493.) So it is in the case of estates of lunatics. (*Oxenden* v. *Lord Compton,* 2 Ves., Jr., 69.) So where property is sold by a decree of a court of equity in some cases and the executor is a party, the real and personal representatives of the testator must take the property as they find it. (*Flanagan* v. *Flanagan,* cited in *Fletcher* v. *Ashburner,* 1 Bro. C. C., 497–500, and approved in *Walker* v. *Denne,* 2 Ves., Jr., 170–176.) The maxim of equity, *fieri non debet sed factum valet,* applies even in the case of the real estate of an infant where the law most jealously preserves the prime character of the property. If there has been a sale of lands for a specific purpose and a surplus has arisen, it is at first given to the heir at law rather than to the next of kin. Yet after it has once vested in the person thus entitled, it is ever after to be treated as money, and on his death it passes as personal estate. (*Pennell's Appeal,* 20 Penn. St. [8 Harris], 515; approved in *Sayers' Appeal,* 79 id., 428.)

It is plain that in the lifetime of Mrs. Cornell she was entitled to these moneys. By the force of those rules above given those moneys were part of her personal estate, and on her death transmitted by the law to her administrator and not to her heirs at law.

Hence the plaintiffs, who are her heirs at law living, or representative of an heir at law dead, have no interest which will further maintain this action.

The judgment should be affirmed.

All concur.

Judgment affirmed.