ELIZABETH F. AMETRANO, Individually and as Administratrix with the Will Annexed of MARGARET SHELLEY, Deceased, Appellant, *v.* HENRY T. DOWNS et al., Respondents.

WILL — DEVISEE OF REAL ESTATE SOLD UNDER CONDEMNATION PROCEEDINGS SUBSEQUENT TO THE MAKING OF THE WILL IS NOT ENTITLED TO PROCEEDS THEREOF. Where real estate is sold under condemnation proceedings the proceeds thereof become personal estate. as if the sale had been voluntary, and the devisee of such real estate under a will made by the owner before such sale is not entitled to the proceeds thereof.

*Ametrano* v. *Downs*, 62 App. Div. 405, affirmed.

(Argued February 28, 1902; decided April 8, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered September 12, 1901, affirming a judgment of the Special Term construing the will of Margaret Shelley, deceased.

The facts, so far as material, are stated in the opinion.

*John M. Rider* for appellant. The will itself and the surrounding circumstances clearly show it was the intention of the testator to devise and bequeath all her property to her daughter Elizabeth F. Ametrano. (*Provost* v. *Calyer*, 62 N. Y. 545; *Byrnes* v. *Baer*, 86 N. Y. 210; *Schult* v. *Moll*, 132 N. Y. 122; *Wager* v. *Wager*, 96 N. Y. 164; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Ritch* v. *Hawxhurst*, 114 N. Y. 512; *Phillips* v. *Davies*, 92 N. Y. 199; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Merrill* v. *A. Ins. Co.*, 73 N. Y. 452; *Masterson* v. *Townshend*, 123 N. Y. 458.) The results following a decision that the will is inoperative will violate established principles of law. (*Quinn* v. *Hardenbrook*, 54 N. Y. 83; *Johnson* v. *Brasington*, 86 Hun, 106; 2 Williams on Exrs. [7th Am. ed.] 338; 2 Jarman on Wills [6th Am. ed.], 772; *Vernon* v. *Vernon*, 53 N. Y. 351; *Weeks* v. *Cornwell*, 104 N. Y. 325.) The will has not been revoked. (2 R. S. 64, § 42; *Matter of Backus*, 49 App. Div. 410; *Delafield* v. *Parish*, 25 N. Y. 9; *Burnham* v. *Comfort*, 108 N. Y. 535; *Brundage* v. *Brundage*, 60 N. Y. 544; *Lynes* v. *Townsend*, 33 N. Y. 558.) Our statute in relation to wills is broad enough to meet this case. (2 R. S. 65, § 47.) The will should be held to operate on the fund now in the possession of the administratrix with the will annexed of the goods, etc., of Margaret Shelley, deceased. (*Moak* v. *Moak*, 8 App. Div. 197; *Hoppock* v. *Tucker*, 59 N. Y. 202; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Roe* v. *Vingut*, 117 N. Y. 204; *Masterson* v. *Townshend*, 123 N. Y. 458; *Miller* v. *Gilbert*, 144 N. Y. 68; *McNaughton* v. *McNaughton*, 34 N. Y. 201; 1 Jarman on Wills [6th Am. ed.], 759; *Wood* v. *Moore*, 4 Sandf. 579; *Williams* v. *Jones*, 166 N. Y. 522.)

*Alfred D. Lind* and *Joseph Kaufmann* for respondents.

The devise purporting to be contained in the will of Margare
Shelley, deceased, was and is revoked by operation of law and
is wholly inoperative. (*Beck* v. *McGillis*, 9 Barb. 35; *Gil-
bert* v. *Gilbert*, 9 Barb. 532; *Brown* v. *Brown*, 16 Barb. 569;
*Vandemark* v. *Vandemark*, 26 Barb. 416; *Adams* v. *Winne*,
7 Paige, 97; *Philson* v. *Moore*, 23 Hun, 152; *McNaughton*
v. *McNaughton*, 34 N. Y. 201; Jarman on Wills [5th Am.
ed.], 162; *Emery* v. *Union Society*, 79 Me. 334; *Burnham*
v. *Comfort*, 108 N. Y. 540.) At the time of her death the
testatrix was not seized of the property which, by her will,
she purported to devise. (*Denham* v. *Cornell*, 67 N. Y. 562.)
The Statute of Wills does not meet the case. (*Nutzhorn* v.
*Sittig*, 34 Misc. Rep. 486; *Knight* v. *Weatherwax*, 7 Paige,
182.) The court cannot presume an intention in conflict with
the settled law. (*Beck* v. *McGillis*, 9 Barb. 35; *McNaugh-
ton* v. *McNaughton*, 34 N. Y. 201.)

CULLEN, J. On August 7th, 1884, Margaret Shelley, now
deceased, received by conveyance from her husband through
an intermediary an undivided one-half in the premises known
as number 22 Oliver street, in the city of New York. On
March 12th, 1891, she executed the following will:

"I, Margaret Shelley, of the City, County and State of New
York, being of sound disposing mind and memory, do hereby
make, publish and declare this to be my last will and testament.

"*First.* I order and direct my funeral expenses to be paid
as soon as shall be convenient after my decease.

"*Second.* I give, devise and bequeath my one-half interest
in the building known as number twenty-two (22) Oliver
street, in the Fourth Ward of the City of New York, unto
my daughter Lizzie, wife of Emanuel Amotrono, of the City
of Brooklyn, County of Kings, State of New York, and to
her heirs and assigns forever.

"I nominate, constitute and appoint Patrick J. Murphy, of
the City of New York, and Charles Henry Hawkins, of the
same place, or either of them, as executor of this my last will
and testament.

"In witness whereof, I have hereunto set my hand and seal this 12th day of March, in the year of our Lord one thousand eight hundred and ninety-one."

In 1896 condemnation proceedings were taken by the city of New York to acquire said number 22 Oliver street as a site for the erection of a school house. To these proceedings Margaret Shelley was not made a party. The net amount of the award after the satisfaction of the incumbrances on the property, amounting to $9,800, was in February, 1897, paid to her husband, Michael Shelley, who thereupon deposited one-half of the award, $4,900, in the Washington Trust Company to the credit of his wife as her share of the property. In 1898 Margaret Shelley drew the accrued interest on the deposit and $400 on account of the principal. She died in February, 1899, leaving an estate consisting entirely of personalty. The plaintiff is the devisee named in the will as well as the administrator of the estate of the deceased, and in this action which is for a settlement of her accounts, claims that she is entitled under the will to the fund received by the testator in the condemnation. She has been defeated in this claim by both the courts below and now appeals to this court.

The able opinion of the learned Appellate Division deals so fully with the question in dispute that there remains but little to be added by us. Had the deceased voluntarily alienated her property by deed it is entirely clear, under the authorities in this state, that the devisee would have no claim to the proceeds of the sale. (*Adams* v. *Winne*, 7 Paige, 97; *Beck* v. *McGillis*, 9 Barb. 35; *Gilbert* v. *Gilbert*, Id. 532; *Vandemark* v. *Vandemark*, 26 id. 416; *Philson* v. *Moore*, 23 Hun, 152; *McNaughton* v. *McNaughton*, 34 N. Y. 201.) "If a testatrix devises real estate and sells the same before the will takes effect, the proceeds of the sale will become personal estate, and no court can substitute the money received by the testatrix for the land devised." In *Adams* v. *Winne* (*supra*) and *Beck* v. *McGillis* (*supra*) the testator had taken back a mortgage on the devised land as security for the purchase money, yet it was held that the devisee was not entitled

to the mortgage. The only point to be considered therefore, is whether a different rule obtains in the case of involuntary alienation, by operation of law, from that which prevails on a voluntary sale. Mr. Jarman asserts that the rule is the same in both cases, and the English decisions cited by him sustain the doctrine of the text. (Jarman on Wills, p. 163.)

We see no such difference between a voluntary and an involuntary sale of the devised land as justifies a distinction in principle in the application of the rule that where the testator has parted with the subject of the devise, all claim of the devisee is lost. While there is no authority on the point in this state (there is said to be none in the country), the question presented is not without analogy in the rule which determines in cases of intestacy the character of the proceeds of sales by operation of law, whether they are to be considered as real or personal property. It is settled by a number of authorities that if the sale be made by execution or judicial decree in the lifetime of the intestate the proceeds are personalty and go to the next of kin, while if made after his death they are real estate and go to the heirs at law (*Graham* v. *Dickinson*, 3 Barb. Ch. 169; *Denham* v. *Cornell*, 67 N. Y. 556), except where the property belongs to an infant or to an incompetent person, in which case the proceeds retain their original character of realty. (*Sweezy* v. *Thayer*, 1 Duer, 286; *Horton* v. *McCoy*, 47 N. Y. 21.)

It is urged by the learned counsel for the appellant that the condemnation proceedings did not effect the revocation of the will, because there was no "other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed" (2 R. S. 64, § 42), nor any settlement, deed or other act by the testator (§ 47). It may be conceded that there was no revocation of Mrs. Shelley's will, though I very much doubt whether the deceased was not divested of title by her own voluntary act. As she was not a party to the condemnation proceedings they were without force or effect as to her. If she lost her title it was because, by her voluntary

acceptance of the award, she estopped herself from claiming the property. Be this as it may, the case does not fall within the Statute of Wills. A specific devise or specific legacy may not be revoked, but unless the property devised or the thing bequeathed is found in the estate of the testator at the time of his decease the will is, necessarily, inoperative. The testatrix could not devise to the appellant an undivided half of the premises number 22 Oliver street, for she did not own it at her decease, and the question here presented is not whether the devisee shall receive the property devised, but whether she shall receive the fund which proceeded from the condemnation of that property. With this latter question the Statute of Wills does not deal. It does not provide affirmatively that a conveyance or other disposition of bequeathed or devised property shall render the will in that respect ineffective; it assumes that principle, and in sections 45, 46 and 47 merely limits the operation of the rule by providing that in three cases, to wit, an executory contract, an incumbrance or mortgage and a conveyance or deed altering the testator's estate, but not wholly divesting his title, the devise shall be revoked only *pro tanto*. As said by the chancellor in *Adams* v *Winne* (*supra*) it left unchanged the existing law "that when the testator had converted real estate, which he had devised as such, into personalty, or had converted the subject of a specific bequest of personal property into real estate, there was a revocation of the will or an ademption of the bequest." The correctness of this doctrine has never been challenged.

The judgment appealed from should be affirmed, with costs to both parties payable out of the estate.

Bartlett, Martin, Vann and Werner, JJ., concur; Parker, Ch. J., and Haight, J., take no part.

Judgment affirmed.