OSTRANDER et al. v. DAVIS et al.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1911.)

No. 3,527.

1. WILLS (§ 194*)—CONSTRUCTION—EFFECT OF SUBSEQUENT CONVEYANCE OF LANDS DEVISED.

Under the rule of the common law, a contract to sell land to be paid for in the future, made by the owner after the execution of a will devising the land, operated as a revocation of the devise, and the obliga-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the purchaser to pay for the land passed under the will as a part of the personal estate of the testator.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 481–489; Dec. Dig. § 194.*]

2. WILLS (§ 194*)—CONSTRUCTION—SUBSEQUENT CONVEYANCE OF LANDS DEVISED—SOUTH DAKOTA STATUTE.

By a will as executed some time before his death, a testator left all of his personal property to his wife. He also devised to her a life estate in certain described land in South Dakota, with remainder to complainants. After execution of the will, he entered into a contract for sale of the land, to be paid for in installments during 10 years, and shortly afterward he died. The purchaser fully performed his contract, making the payments to the widow, and after her death to her administrator. Civ. Code S. D. § 1025, provides that "an agreement made by a testator, for the sale or transfer of property disposed of by a will previously made, does not revoke such disposal; but the property passes by the will, subject to the same remedies on the testator's agreement, for a specific performance or otherwise, against the devisees or legatees, as might be had against the testator's successors, if the same had passed by succession." Section 1028 provides that, "if the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms or nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provisions depend on a condition or contingency by reason of which they do not take effect." *Held*, that under such provisions, construing them as in pari materia, the fee in the land passed to complainants, subject to the contract of sale, but that on its full performance it operated as a revocation of the devise, and the proceeds of the land passed as personal property under the general bequest to testator's widow or her estate.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 194.*]

Appeal from the Circuit Court of the United States for the District of South Dakota.

Suit in equity by Sarah J. Ostrander and others against Patrick Davis and another. Decree for defendants, and complainants appeal. Affirmed.

T. H. Null (Max Royhl, on the brief), for appellants.

A. B. Fairbank and A. K. Gardner, for appellees.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. Appellants, as devisees of Henry M. Howell, deceased, brought this suit to enforce a forfeiture of Patrick Davis' right to purchase a certain tract of land, situated in Beadle county, S. D., which belonged to Howell in his lifetime, and to secure an accounting against Julian A. Du Bois, administrator of the estate of Addie Howell, also deceased, who was the widow of Henry M. Howell. The defendants, Patrick Davis and Julian A. Du Bois, deny appellants' right to any relief, and defendant Davis filed a cross-bill to quiet his title to the land in question and for general relief. The cause came on for hearing on the pleadings and proof, and the trial court denied any relief to appellants, but rendered a decree in favor of Davis on his cross-bill. This appeal followed.

On June 24, 1899, Howell executed his will, which remained unchanged at the time of his death in the following December. By its provisions he bequeathed to his wife, Addie Howell, all his personal estate, and devised to her a life estate in considerable real estate, including the south ½ of section 34, township 112 N., range 60, in Beadle county, S. D., which constituted a small part only of the real estate left by him. To his sisters, Sarah J. Ostrander and others, who constitute complainants in this case, he devised the remainder in fee, share and share alike, in and to the real estate, after the expiration of his wife's life estate. After the execution of his will, and prior to his death, Howell entered into a written contract with Davis, whereby he agreed to execute and deliver to him a deed for the S. ½ of section 34 just described provided Davis would take possession of it, break up and cultivate during the first 4 years at least 160 acres, raise a crop of wheat thereon for the period of 10 years, and deliver to Howell each year at least one-half of the crop until the total amount of 6,400 bushels should have been delivered, and provided, further, that he, Davis, would pay all taxes and assessments against the tract during this period of time.

The proof shows that Davis took possession of the land as required by the contract, and has remained in possession until now. Addie Howell, upon the death of her husband, qualified as executrix of his estate. In 1904 she became non compos, and the defendant Julian A. Du Bois was appointed guardian of her person and estate. Afterwards, on May 3, 1907, Addie Howell died, and the defendant Du Bois became administrator of her estate, and is now acting as such. Since Davis took possession of the tract in question, he has paid over to Addie Howell in person, or to Julian A. Du Bois as her agent or guardian, or as administrator of her estate, the full amount, either in wheat or money, of the purchase price of the tract, and in all other respects has complied with the terms and conditions of the contract, to the full satisfaction of Addie Howell or her personal representatives. This was all done by him prior to the expiration of the 10-year period fixed in the contract, and prior to the beginning of this suit. The learned trial judge, after stating the foregoing facts, said:

"All matters arising out of the contract, so far as the obligation of Davis is concerned, have been satisfactorily settled between Davis and the personal representatives of Addie Howell, and complainants have now no complaint against Davis; but as the money paid by Davis and the wheat turned over by him, or its value, is still in the possession of Du Bois, they ask this court to compel the repayment of said moneys to complainants, on the theory that the contract of sale, although made subsequent to the will of Henry M. Howell, did not revoke that will so far as the land in question is concerned."

And this is the present contention of the complainants' counsel. They no longer insist upon a forfeiture as against Davis, but contend that the money received by Addie Howell from Davis in satisfaction of his obligation to purchase the land stands in place of the land, and they are entitled to recover it as remaindermen, under the will of Howell. We are unable to assent to this contention. The will, although executed some time before the death of Howell, was ambulatory. It conferred no right of property which was not subject to

change by the testator at any time before his death. Between the execution of the will and his death Howell entered into the contract of sale with Davis, and thereby effectually disposed of the land, reserving the naked legal title as security for the payment of the agreed consideration. This amounted to a revocation of the will pro tanto. At the time of his death, when the will first spoke, he did not own the land.

[1] What might have been the consequence if the executory contract had not been performed by Davis is not now before us for consideration. Suffice it to say Davis fully performed all the covenants of the contract obligatory upon him, and what we have to consider is the force and effect to be given to that kind of an executed contract. The obligation of Davis to pay for the land the agreed consideration constituted all that the testator could dispose of. This chose in action, in our opinion, was a part of his personal estate, which by the provisions of the will went to his wife, Addie Howell. This was undoubtedly the rule of the common law. Bissell v. Heyward, 96 U. S. 580, 24 L. Ed. 678; Bowen v. Lansing, 129 Mich. 117, 88 N. W. 384, 57 L. R. A. 643, 95 Am. St. Rep. 427; Williams v. Haddock, 145 N. Y. 144, 39 N. E. 825; Brown v. Thorndike, 15 Pick. (Mass.) 388; Hattersley v. Bissett, 51 N. J. Eq. 597, 29 Atl. 187, 40 Am. St. Rep. 532.

[2] But it is argued that, conceding the rule of the common law to be as just stated, it is modified by section 1025 of the Civil Code of South Dakota (found on page 738 of the Revised Codes of South Dakota), which reads:

"An agreement made by a testator, for the sale or transfer of property disposed of by a will previously made, does not revoke such disposal; but the property passes by the will, subject to the same remedies on the testator's agreement, for a specific performance or otherwise, against the devisees or legatees, as might be had against the testator's successors, if the same had passed by succession."

Unfortunately no construction so far as we are advised has been placed upon this section by the Supreme Court of South Dakota. But the legislative intent seems to be that property under the circumstances stated shall pass "subject to the same remedies on the testator's agreement as might be had" against the heir at law. Applying it to the case before us, the land in question passed to the devisees, subject to the right of Davis to purchase according to the agreement. If he should perform his covenants and pay for the land accordingly, no beneficial title or interest would pass by the will. If, on the contrary, he should fail to perform his covenants, the devisees would take good title.

This construction is in accord with the manifest intent of section 1028 of the same Civil Code, which is in pari materia with section 1025. It provides:

"If the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms or nature of the testamentary disposition, it operates as a revocation

thereof, unless such inconsistent provisions depend on a condition or contingency, by reason of which they do not take effect."

In other words, if there be a contract or other document altering the condition of a testator's property after the making of his will, it will constitute a revocation, if such be the intent of the testator, and especially if the altering instrument be inconsistent with the provisions of the will.

Bearing in mind that Addie Howell, wife of the testator, was given by the will a life estate in the land sold to Davis, it is very clear that the contract, disposing of the land in such a way as to destroy her life estate, was totally inconsistent with an important provision of the will. This inconsistency existed and was necessarily apparent to the mind of Howell at the time of the sale of the land to Davis, and in our opinion disclosed an intention on his part to withdraw the land from the operation of the will.

Section 1028, above quoted, is substantially like the provisions in force early in the state of New York on the subject of revocation of wills. 2 Rev. St. [2d Ed.] pt. 2, tit. 1, art. 3, c. 6, §§ 47, 48. In view of this statute the Court of Appeals of New York, in the case of McNaughton v. McNaughton, 34 N. Y. 201, considering facts similar to those now under consideration made this observation:

"Unquestionably, the sale of the farm was a revocation of the devise to the wife of an estate therein during her life. To that extent at least, it was inconsistent with the plan of the will."

And the court held that the sale of the land after the execution of the will was a revocation of the will pro tanto. See, to the same effect, Ametrano v. Downs, 170 N. Y. 388, 63 N. E. 340, 58 L. R. A. 719, 88 Am. St. Rep. 671.

The Supreme Court of the state of California, treating of a section of its statutes (section 1304, Civil Code 1909) identical with section 1028, supra, in the case of In re Benner's Estate, 155 Cal. 153, 99 Pac. 715, reached the same conclusion; the court saying, among other things:

"The case, then, presented is one of a devise of land, * * * and a sale of that land before the death of the testator. Such a sale being wholly inconsistent with the devise, operates as a revocation of it, as contemplated by section 1304, Civil Code."

The cardinal rule to be observed in the construction of wills is to ascertain, from the language employed by the testator and from any other lawful and available sources, his real intention. Applying this rule of construction, under applicatory law to the present case we entertain no doubt that the testator, Howell, in the desire to make abundant provision for his wife, intended by the contract with Davis to enlarge her participation in his estate by converting a tract of land to which she had been given a life estate only into personal property, thereby bringing it under the provision of the will bequeathing to her all his personal property, and giving to her the full value of the tract in question instead of a life estate in it. The substantial provisions

made for his sisters by the will would seem to make this modification in behalf of his wife very reasonable.

Our conclusion is that the contract with Davis was so inconsistent with the nature and terms of his will as to amount to its revocation so far as the land in question is concerned.

The decree is affirmed.