In the Matter of the Construction of the Will of MARY K. SEAVER, Deceased.

Surrogate's Court, Richmond County, July 22, 1949.

*John A. Cosgrove* for Cletus A. Seaver, as executor of Mary K. Seaver, deceased.

*Philip Weiss,* special guardian for infant distributees.

BOYLAN, S. The executor requests the court to construe paragraphs " 2 ", " 6 " and " 11 " of the will of decedent. Paragraph " 2 " devises a parcel of property designated on the tax maps of the county of Richmond as block 3532, lot No. 1, to a

nephew, Naughton R. Seaver, for life, and after his death to the male children of Cletus A. Seaver. Paragraph " 6 " devises a parcel of property designated on the tax maps as block 3532, lot No. 2, to Cletus A. Seaver and Naughton R. Seaver. Paragraph " 11 " devises and bequeaths all the rest, residue and remainder of decedent's estate to Cletus A. Seaver, Naughton R. Seaver, Helen Marie Seaver Hanley and Mildred Agnes Seaver Cassazza.

The decedent died on November 3, 1948. On October 13, 1948, an order of condemnation, vested title to the two parcels of land devised by paragraphs " 2 " and " 6 ", in the New York City Housing Authority. Subsequently an award of $25,000 was made in the condemnation proceeding.

The executor requests a determination as to whether the devises in paragraphs " 2 " and " 6 " have adeemed and if so, whether the award of $25,000 is to be distributed according to paragraph " 11 " or as in intestacy.

If, at the time of his death, the testator does not own the specific property bequeathed, the bequest is impossible of fulfillment. It has adeemed and the legatee receives nothing. (*Matter of Brann,* 219 N. Y. 263; *Ametrano* v. *Downs,* 170 N. Y. 388; *Crawford* v. *McCarthy,* 159 N. Y. 514; *Ga Nun* v. *Palmer,* 159 App. Div. 86, revd. 216 N. Y. 603.) The doctrine of ademption applies also to specifically devised realty. (*Ametrano* v. *Downs, supra; Crawford* v. *McCarthy, supra.*) Under modern authorities, ademption is not a question of intention, but a rule of law. What the courts look to now is the fact of change. That ascertained, they do not trouble themselves about the reason for the change. (*Matter of Brann, supra,* p. 268.) Thus, where, by action of public authority, there has been an involuntary sale of specifically devised realty (*Ametrano* v. *Downs, supra*) there is, nevertheless, an ademption.

The court holds, therefore, that the decedent could not dispose of the properties devised in paragraphs " 2 " and " 6 " since an ademption was brought about by the condemnation proceeding. Having failed to make any disposition of the $25,000 above mentioned, it is distributable under the residuary clause of the will.

Since the hearing in the condemnation proceeding the New York City Housing Authority has been directed by an order of the Supreme Court to deliver a bill of sale of the house (Seaver Homestead) erected on one of the parcels, to the executor of the last will and testament of Mary K. Seaver, deceased, upon

the payment of $250. Does the house to be returned by the New York City Housing Authority belong to the devisees of the property condemned? In paragraph " 2 " of her will decedent states that it is her desire that the old Seaver Homestead remain in the Seaver family. This became impossible of achievement due to the ademption of the property. As the house was included in the condemnation proceedings, it constituted no part of the estate. The purchase of the house from the New York City Housing Authority for $250 is merely a business proposition for the executor to determine and is not a proper subject for determination in this construction proceeding.

Enter decree in accordance herewith.