Jambs S. Brown,
Justice of the Supreme Court and Acting Surrogate. Testator and his sister Amelia each owned an undivided seven-eighteenths interest in certain real property; the remaining two-ninths interest was owned by others. On October 20, 1950 Amelia delivered a quitclaim deed to testator. On the same day testator executed an instrument in which he recited the delivery of the deed, that he accepted it for the purpose of facilitating the sale of the property, and that he agreed to pay over seven eighteenths of the proceeds to Amelia if living, and if dead, to her children Michael and Mary Lou. Amelia predeceased testator.
On October 21, 1950, the day following the delivery of the deed and the execution of the instrument, testator executed his will in which by paragraph “ third ” he devised all his “ right, title and interest ’ ’ to the said property to Michael and Mary Lou. Testator never sold the property. A few months before his death title thereto was vested by the City of New York in a condemnation proceeding, and the proceeds of the seven-ninths interest standing in testator’s name were collected by the executrix who, in this accounting proceeding, apportioned the sum received, one half to Michael and one half to Mary Lou. The residuary legatees, other than the executrix, Michael and Mary Lou, question the propriety of this allocation, contending that the devise was adeemed and that the proceeds of the condemnation award passes under the residuary clause of the will. The special guardian on behalf of his ward Michael takes the position that under the circumstances there was no ademption and the whole of the award in the hands of the executrix passed to the named devisees.
The validity of the instrument executed by testator on October 20. 1950 is un controverted. It created a trust for the benefit of Michael and. Mary Lou and, pursuant to its terms, each of them. *1012 is entitled to seven thirty-sixths of the condemnation award, that being one quarter of the proceeds received by the executrix.
The remaining one half of the proceeds received by the executrix, the seven-eighteenths interest owned by testator, passed under the residuary clause of the will. Testator’s interest having been taken in condemnation, the specific property devised was not subject to his disposition by will and it did not pass to the devisees under paragraph “ third ” thereof. There was an ademption and the specific devisees consequently receive neither the property nor its proceeds (Ametrano v. Downs, 170 N. Y. 388 ; Matter of Brann, 219 N. Y. 263 ; Matter of Seaver, 195 Misc. 475 ; Matter of Wright, 7 N Y 2d 365 ; Matter of Ireland, 257 N. Y. 155).