**James E. PRICE, Administrator with the Will Annexed of the Estate of Helen Guinn H. Hendren, Deceased, Appellee,**

v.

**Lena JOHNSON et al., Appellants.**

Court of Appeals of Tennessee,
Western Section.

Aug. 26, 1977.

Certiorari Denied by Supreme Court
Feb. 27, 1978.

W. W. Lackey, Savannah, for appellants.

James A. Hopper, Savannah, for appellee.

NEARN, Judge.

The issue is whether there has been an ademption of certain personal property.

There were several matters before the Chancellor regarding the construction of the last will of Helen Guinn H. Hendren. However, there is brought before us for review the single issue of the Chancellor's holding regarding 50 shares of bank stock mentioned in the will. The will provided "bank stock to the Church of Savannah—the Methodist Church of Savannah, never to be sold—just draw the interest on it yearly." [1]

The Chancellor held that there had been an ademption of that legacy and the Methodist Church of Savannah has appealed charging that the Chancellor erred in so holding.

The plaintiff is the Administrator C.T.A. of the deceased's estate and the defendants are the beneficiaries named in the writing or the heirs of the deceased.

The will is dated January 9, 1964.

By letter dated June 14, 1974, the deceased tendered to the Third National Corporation the 50 shares of stock. In pertinent part the letter of tender signed by the deceased provides:

The undersigned hereby irrevocably tenders to Third National Corporation ("TNC"), through you as Exchange Agent, the number of shares of capital stock of Citizens Bank ("Bank") indicated below in exchange for Installment Notes 7½% Series A Due in Installments Four, Six or Nine Years from Original Issue Date of TNC (herein sometimes called the "Four Year", "Six Year" or "Nine Year" installment Notes) and cash, as elected below, on the terms and conditions specified in the Exchange Offer described in the Prospectus, dated May 24, 1974, of TNC; acknowledges receipt of such Prospectus; and agrees that the instructions herein contained (including those set forth on the reverse hereof) form a part of such terms and conditions.

Subject to issuance of the Installment Notes and payment of cash in exchange for the shares hereby tendered, the undersigned hereby sells, assigns and transfers to TNC all shares listed below or delivered herewith and hereby irrevocably appoints you as attorney and agent to transfer said shares on the books of the Bank.

---

1. The mentioned stock consisted of 50 shares of the Citizens Bank of Savannah.

The undersigned represents that the undersigned has authority to tender the enclosed shares and transfer the same pursuant to the Exchange Offer. All authority herein conferred shall survive the death or incapacity of the undersigned, and all obligations of the undersigned hereunder shall be binding upon the heirs, personal representatives and assigns of the undersigned.

The testatrix died on December 2, 1974.

Payment for the stock transfer was by cash and note. The cash was wired from the trustee bank handling the exchange to Third National Bank, thence to Citizens Bank of Savannah to be credited to the testatrix' account therein. The incoming transfer, dated December 4, 1974, was received and credited by Citizens Bank on December 5, 1974.

We quote in part from the Chancellor's memorandum Opinion:

'Ademption is defined as the 'extinction, alienation, withdrawal or satisfaction of the legacy by some act of the testator by which an intention to revoke is indicated; the doing of some act with regard to the subject matter which interferes with the operation of the will.' *American Trust and Banking Company v. Balfour,* 138 Tenn. 385, 390, 198 S.W. 70 (1917).

'An ademption is affected when by some act of the testator its subject matter has ceased to exist in the form in which it is described in the will so that on his death there is nothing answering the description to be given to the beneficiary.' *Ford v. Cottrell,* 141 Tenn. 169, 176, 207 S.W. 734, 741 (1918).

In the present case, the specific legacy, that is, bequest of a particular item of 50 shares of bank stock, was irrevocably tendered on June 14, 1974. According to the letter of tender, the testatrix was to receive 10% of the value in cash and the rest was to be in a nine-year installment note from Third National Corporation. By the signing of the letter of tender and the delivery of the stock, the entire legacy was therefore so changed in nature that no bank stock existed at the time of the testatrix' death. The material alteration of the subject matter would operate as an ademption. 1 *Pritchard On Wills* § 462. Also, Mrs. Hendren could not vote her 50 shares of stock on the date of death.

Therefore, the court is of the opinion that in regard to the bank stock, there was also an ademption of the legacy.

We concur in the Chancellor's application of the law and overrule the Assignment of Error.

Costs of appeal are adjudged against appellant and surety.

So order.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.

Honorable W. E. QUICK, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Presiding Judge C. S. CARNEY.

MATHERNE, J., and W. E. QUICK, Special Judge, concur.