IN RE ESTATE OF FOSTER HUME, III,)
                )
THE UNIVERSITY OF THE SOUTH,  )
                )
      **Plaintiff/Appellant,**    )
                )    **Probate Court Davidson County**
                )    **No. 98293**
**VS.**                )
                )    **Appeal No.**
                )    **01A01-9609-PB-00432**
**MEREDITH KLANK,**       )
                )
      **Defendant/Appellee.**   )

**FILED**

March 5, 1997

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE

### MIDDLE SECTION AT NASHVILLE

## APPEAL FROM PROBATE COURT OF DAVIDSON COUNTY

## AT NASHVILLE, TENNESSEE

### HONORABLE FRANK G. CLEMENT, JR., JUDGE

J. Richard Lodge, Jr. (#2833)
E. Clifton Knowles (#5889)
BASS, BERRY & SIMS PLC
2700 First American Center
Nashville, Tennessee 37238-2700
ATTORNEYS FOR PLAINTIFF/APPELLANT


Norman Gillis
1201 16th Avenue South
Nashville, Tennessee 37212

John Drummond
P.O. Box 41385
Nashville, Tennessee 37204
ATTORNEYS FOR DEFENDANT/APPELLEE

### AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

IN RE ESTATE OF FOSTER HUME, III,)
                     )
THE UNIVERSITY OF THE SOUTH,   )
                     )
     Plaintiff/Appellant,     )
                     )     **Probate Court Davidson County**
                     )     **No. 98293**
VS.                  )
                     )     **Appeal No.**
                     )     **01A01-9609-PB-00432**
MEREDITH KLANK,        )
                     )
     Defendant/Appellee.    )

# O P I N I O N

The University of the South, residuary legatee under the will of Foster Hume, deceased, has appealed from the judgment of the Probate Court holding that a specific devise to Meredith Klank was not extinguished by ademption and therefore the subject of the specific devise did not become a part of the residuary estate.

Appellee presents a preliminary issue regarding the initiation of this appeal by the University of the South.

As residuary legatee, the University of the South was the only person or entity with any interest in the ademption of the devise of Meredith Klank. On August 26, 1994, the University filed a motion for leave to intervene to protect its interests. The motion was overruled by a special probate judge, but the University continued to participate in the proceedings, particularly in resistance to efforts of Meredith Klank to require the University to refund to the estate the proceeds of the foreclosure which had been paid to the University. This litigation continued before the newly elected regular Probate Judge who, on March 4, 1996, signed an order requiring said proceeds to be paid to Ms. Klank.

There was no compliance with the conditions set out in T.R.C.P. Rule 58 for the "entry" of an order, but the order was filed and placed on the minutes of the Probate Court. On April 15,

the University moved for relief under T.R.C.P. Rule 60.02. On June 6, 1996, the Probate Court granted the relief and re-entered the judgment on the same date, June 6, 1996. The grant of relief was not strictly necessary because the March 4, 1996, order had never been effectively entered prior to June 6, 1996. However, the grant of relief was appropriate under Rule 60.02(s), "any other reason justifying relief from operation of the judgment. The notice of appeal, filed on June 17, 1996, was filed within 30 days after entry of judgment and was therefore timely.

Appellant states that the issue on appeal is: "Was the bequest of Defendant's house in Atlanta to Ms. Meredith Klank adeemed by the foreclosure and sale of the house prior to decedent's death?"

On August 1, 1990, the testator executed his will specifically devising his residence in Atlanta, Georgia to Meredith Klank. On October 1, 1991, six weeks prior to the death of testator, on November 12, 1991, the house devised to Ms. Klank was sold at a foreclosure sale which satisfied the secured debt and produced a surplus of $59,200.07, which the foreclosing creditor tendered to a Georgia Court accompanied by an interpleader suit. The Georgia Court ordered that, after payment of $3,455.00 costs and fees, the $55,745.07 balance be paid to the executrix of the estate.

The executrix tendered to the Probate Court her final accounting indicating that the excess proceeds of the foreclosure had not been distributed. The Probate Court ordered the executrix to pay the excess proceeds with prejudgment interest to Ms. Klank. The University appealed.

The University insists that the devise to Ms. Klank was adeemed by the foreclosure and sale.

The most recent opinion of the Tennessee Supreme Court on ademption is *Rhodes v. Kebke*, 179 Tenn. 480, 167 S.W.2d 345 (1943). In that case, the will, executed on July 3, 1935, contained the following provision:

> "To my sister, Mrs. Ruby Rhodes Kebke, of Memphis, Tennessee, I hereby give, devise and bequeath all the capital stock owned by me at the time of my death in Kebke House-furnishing Co., a corporation, now doing business in Memphis, Tennessee."

On December 15, 1935, the testator agreed to sell to Ruby Rhodes Kebke, 28 shares of Kebke Housefurnishing Co. for $23,000. Testator caused the stock to be registered in the name of Ruby Rhodes Kebke who endorsed the stock certificate in blank and delivered it to testator to secure her five notes covering the purchase price. The first two notes were paid to the testator. The remaining three notes and certificate were in the possession of the testator at his death. The legatee sued the executrix to recover the certificates and cancel the endorsement and unpaid notes. The Trial Court overruled a demurrer (motion to dismiss for failure to state a claim for which relief can be granted.) The Supreme Court affirmed and said:

> What he really meant, as gathered from the entire will and the situation of the parties, was to give her such interest in the Kebke Housefurnishing Co. as he might have at the time of his death. The unpaid notes with shares of stock attached as collateral, and held by him at the time of his death, represented his interest in the business at that time. While not a legal interest, it was an equitable interest, and ought to pass to the beneficiary under the terms of the will and the unpaid notes be canceled and discharged.

In *Wiggins v. Cheatham*, 143 Tenn. 406, 225 S.W. 1040, 13 ALR 169 (1920), the will, executed on October 28, 1916, devised to Wiggins and Gholsom "my entire whiskey business conducted at 1221-1223 Market Street, Chattanooga, Tenn." Prior to the decease of the testator, adverse legislation forced the closure of the store and removal of the stock of whiskey to a public warehouse in Louisville, Kentucky, which issued negotiable warehouse receipts therefor. Testator pledged the receipts to a bank to secure a loan which he paid, and the receipts were returned to him. He later pledged part of the receipts to secure a $3,000 loan which he paid, and the receipts were returned to him. He later pledged part of the receipts to secure

another $3,000 loan which was not paid before his death. The testator intended to resume his whiskey business in Chattanooga, using the whiskey stored in Louisville, but was unable to do so before his death. The Trial Court held that the bequest of the whiskey business had not been adeemed. The Court of Appeals affirmed. Upon review by certiorari, the Supreme Court affirmed and said:

> We do not think that the fact that the testator was not actually engaged in business at the time of his death can be said to destroy the specific character of the property intended to be bequeathed in his will. That part of the specific property bequeathed, and which remained unsold, was in existence at the time of the testator's death, and was subject to identification. This, we think, was sufficient to bring it within the rule of a specific legacy, and it is enforceable as such.

In Baldwin v. Davidson, 37 Tenn. App. 606, 267 S.W.2d 756 (1954), testator bequeathed to his sister his share of a partnership, but made no dispensation of his other property. Before his death, he joined his partners in converting the partnership into a corporation. This Court held that the legacy was not adeemed and said:

> A specific legacy is adeemed if the thing given has been lost, or disposed of by the testator, or if its condition has been so changed that it no longer remains in specie. The governing principle is "that the subject of the gift is annihilated or its condition so altered that nothing remains to which the terms of the bequest can apply." Pritchard on Wills (2nd Ed.), Sec. 462, pp. 479-480.
>
> The thing given, the subject of this legacy, was J. D. Baldwin's share or interest in the business and property of the partnership J. D. Baldwin & Company. There was a shift of one of the partners and later a change to corporate form; but these were changes in name or form only, not changes in the nature or character of the business.
>
> There was no change in the substance or essential nature nature of Baldwin's share or interest in the business. His shares of stock in J. D. Baldwin & Company, Inc., merely evidence his interest in the corporate business, which in turn represent his share in the partnership J. D. Baldwin & Company; and the real nature and identity of the thing given, the subject of the legacy, has been substantially preserved.
>
> So this legacy was not adeemed by these formal and nominal changes in the personnel of the partnership and from partnership to corporate form. *Wiggins v. Cheatham*, 143 Tenn. 406, 225 S.W. 1040, 13 A.L.R. 169.

In *Lane v. Lane*, 22 Tenn. App. 339, 120 S.W.2d 993 (1938), a will executed on December 17, 1933, provided:

> "I desire to bequeath to my brother G. G. Lane the restaurant he is now operating at 801 West Fifth Avenue and that he have the same to use as his business for a period of ten years, but in the event he vacates said property, I desire the same to go to my son, Jack, but I desire my brother, G. G. Lane to have said property for ten years without paying any rent, providing he pays the taxes and keeps said property in good repair."

Prior to testator's death, the legatee ceased to operate the restaurant and vacated the building which testator rented to another tenant. Upon the death of testator the legatee claimed the use and occupancy of the building for 10 years as provided in the will. The Trial Court denied the claim of the legatee. This Court reversed and said:

> While not occupied by the same tenant, 801 West Fifth Avenue existed in the same form from the date of the execution of the will up to the death of the testator and answered the description of the subject matter of the devise by whoever and whether or not occupied at that time, and the devise is not to be defeated upon the theory of an ademption because of a mere change in occupancy between the date of the execution of the will and the death of the testator. *Wiggins v. Cheatham*, 143 Tenn. 406, 225 S. W. 1040, 13 A. L. R. 169.

> [4] We are further of opinion it was the intention of the testator that complainant should have the use of said property for a period of ten years from the date of testator's death without paying any rent provided he should pay the taxes and keep said property in good repair and use it without interruption as a place in which to conduct his business.

In State ex rel *Burrow v. Cothern*, 21 Tenn. App., 113 S.W.2d 81, (1938), the will provided in part:

> Figuring what I have at present $2,680.00 on land notes ---
> I want Lassie Burrow to have $500 out of that land money when collected.

This Court found that the "land note" had been transferred to Wilson Cothern in trust to collect and satisfy testamentary bequests, and not to Wilson Cothern for his own use. Such

transfer was held not to effect an ademption, and Wilson Cothern was required to pay the bequest out of the proceeds of the note.

In recent unpublished opinions, this Court has held that ademption did not occur where the will directed the executors to sell a farm and divide the proceeds among specified legatees, and, prior to death, the testator sold the farm on credit and took a trust deed and notes to secure the purchase price. This Court held the legatees entitled to the purchase price when paid.

In another recent unpublished opinion, this Court has held that the conveyance of the property to a revocable trust did not adeem the specific testamentary gift of the property because it remained within the control of the testator by the power to revoke the trust.

No published or unpublished Tennessee Authority is cited or found which is contrary to the above.

A number of published authorities declared an ademption, but they are distinguishable from the present case.

In *Ford v. Cottrell*, 141 Tenn. 169, 207 S.W. 734 (1918), Testator bequeathed to a sister the rents from specific realty during her life, but sold the realty before testators death. The Supreme Court held that the bequest was adeemed. No such circumstances are shown in the present case.

In *American Trust and Banking Co. v. Belfour*, 138 Tenn. 385, 198 S.W. 70 (1917), the will directed that two specified life insurance policies would provide educational expenses and a trust fund for his daughter. Prior to the death of testator, the daughter's education was completed and testator surrendered the two specified policies in exchange for their cash surrender value which he added to his existing savings account which was subsequently invested

in real estate mortgage notes which he held at his death. Thus, the testator, by his successive acts twice changed the character of the specified bequest, thereby indicating his intent to terminate the bequest for the benefit of his daughter. Such events did not occur in the present case.

So far as the record of the present case shows, the home in Atlanta was mortgaged when the will made. If this be true, the devise was not a devise of a fee, but an equity, which survived the foreclosure sale in the form of the surplus deposited in court. Even if the mortgage was executed by testator, this was not a complete divestment and loss of control of the property, because a mortgager retains the power to vacate the mortgage by satisfaction of the debt and the right to receive any proceeds of the sale of the security in excess of the debt. Thus, the mortgage diminished, but did not extinguish the interest of the deceased in the devised property. There is no evidence that testator committed any act which could be interpreted as an expression of his intention to cancel the devise of the home.

In the present case, the foreclosure, which is relied upon for ademption, was not instituted or carried out by testator, but by the holder of the indebtedness. Testator's only contribution to the foreclosure was his inability or failure to pay the debt which cannot be presumed to be a voluntary act; and there is no evidence that it was deliberate or voluntary.

The circumstances just discussed are perfectly consonant with those of *Rhodes v. Kebke* wherein the Supreme Court observed that:

> "What he really meant, -- was to give her such interest in the Kebke Housefurnishing Co. As he might have at the time of his death. The unpaid notes with share of stock as collateral represented his interest in the business at that time."

The foregoing quotation may be paraphrased for application to the present case as follows:

> What he really meant was to give her whatever interest he might have in the home at the time of his death. The

-8-

surplus proceeds derived from the foreclosure was due him
at the time of his death and represented his entire interest
in the house at that time.

In *Tipton v. Tipton*, 41 Tenn. (1 Cold.) 252, (1860), testator bequeathed to his widow three specified notes, but thereafter sold one of the notes to his son, taking the son's note in payment. The Supreme Court held that the bequest to the wife was adeemed "pro tanto," that is, to the extent of the note sold to the son. No such circumstances are shown in the present case.

In *Donahue v. Lea*, 31 Tenn. (1 Swan) 119, 55 Am Dec. 725 (1851), the Supreme Court held that, where land was specifically devised, but thereafter the testator entered into an enforceable contract to sell the land to a third party, the devise was adeemed. No such circumstances are shown in the present case.

In *Price v. Johnson*, Tenn. App. 1977, 563 S.W.2d 188, this Court held that a specific bequest of stock was adeemed by testator's transfer of the stock to a third party in exchange for a 10% cash payment and installment note. No such circumstances are shown in the present case.

In *Newman v. Profitt*, 59 Tenn. App. 397, 440 S.W.2d 827 (1968), testator willed his farm to his two sons, George and James, subject to a life estate in their mother. Thereafter, the father and mother conveyed the same land to the same two sons with the limitation that, if George should predecease the parents, his share of the land would revert to the parents. George predeceased his parents. No such circumstances are shown in the present case.

In *Bedford v. Bedford*, 38 Tenn. App. 370, 274 S.W.2d 528 (1955), deceased devised life estates in specific property to three beneficiaries and thereafter deeded to one of the beneficiaries a part of the land. This Court held that the deed resulted in a 'pro tanto' (partial) ademption (satisfaction) of the devise to the deviser who received the deed, but did not adeem the devise of the remainder of the land to the other devisee. No such circumstances are shown in the present case.

Appellant cites Prichard on Wills 5th Edition, 1994, § 486 for its insistence that a material change in the subject matter of a legacy results in an ademption. However, neither Prichard nor appellant cites any Tennessee authority holding that a foreclosure resulting in surplus proceeds is such a change in identity as to justify an inference that the deceased intended to render a part of his will ineffective. It is true that the complete obliteration of the property mentioned in the will leaving no identifiable residue even by the act of a third party, may result in ademption, but there is no evidence that such occurred in this case.

If, in the present case, the proceeds of the foreclosure sale had been insufficient to satisfy the debt, leaving no excess proceeds due the testator, there would have been an ademption by extinction. Such are not the facts of the present case.

Appellee cites unpublished opinions which have been examined and found to be distinguishable on the facts.

Appellant cites *McGhee v. McGhee*, R.I. 1980, 413 A2d 72, wherein the testator bequeathed to her grandchildren all money on deposit in any bank, but before her death, her attorney-in-fact withdrew all money in the banks and invested it in bonds. The appellate court held that the bequest of bank accounts was adeemed and said:

> At the outset, we recognize that the instant case concerns specifically the concept of ademption by extinction, a legal consequence that may attend a variety of circumstances occasioned either by operation of law or by the actions of a testator himself or through his guardian, conservator, or agent. *Gardner v. McNeal*, 117 Md. 27, 82 A. 988 (1911); *In Re Wright*, 7 N.Y.2d. 365, 165 N.E.2d 561, 197 N.Y. S2d 711 (1960). In particular, a testamentary gift of specific real or personal property may be adeemed - fail completely to pass as prescribed in the testator's will - when the particular article devised or bequeathed no longer exists as part of the testator's estate at the moment of his death because of its prior consumption, loss, destruction, substantial change, sale, or other alienation subsequent to the execution of the will. In consequence, neither the gift, its proceeds, nor similar substitute passes to the beneficiary, and this claim to the legacy is thereby barred.

> The petitioner improperly relies upon the case of *Morse v. Converse*, 80 N. H. 24, 113 A. 214 (1921). In that case the testatrix voluntarily placed her property into the hands of a conservator to care for and use for her support. The conservator purchased a Liberty bond out of bank deposits bequeathed in the testatrix's will, and the legacies were not adeemed thereby. But, contrary to the case at bar, the testatrix in Morse neither knew about nor consented to the conservator's acts; therefore, the court explained, the change "furnishes no evidence of an intentional revocation by her."

The quoted statement was made in the context of a change of identity by the authorized act of the agent of the testator. The quoted opinion recognizes a distinction between a conversion of the nature of the devised property by the act of the testator or the authorized act of testator and the act of a third person without the consent of the testator.

Appellant cites *In Re Celentano's Estate*, 213 N.Y.S.2d 1019 (Sur. 1961), a decision of a county surrogate (trial) court, holding that the condemnation of the devised property adeemed the devise. No Tennessee authority has recognized an ademption under these circumstances.

` Appellant also cites *In Re Seavers Will*, 91 N.Y.S.2d 47, 195 Misc. 475 (Sur. 1949), a county surrogate (trial) court decision in which testator devised property to a nephew for life with residue to his children. The trial court held that the devise was adeemed by the condemnation of the property before the death of testator. The same situation does not exist in the present case and there is no evidence that the rule of absolute ademption by act of a third party has been adopted in Tennessee.

While not directly applicable to the facts of the present case, it appears to this Court that the present state of Tennessee law would recognize ademption where, without consent of the testator, the property specifically devised is completely removed from the ownership and control of the testator without an identifiable residue of the property would not be subject to the ademption. In the case of condemnation the proceeds represented by an uncashed check or a

separate identifiable deposit would probably not be adeemed. Also, if a house is destroyed by fire, an uncashed insurance check or separate bank account probably would not be adeemed.

In the light of published Tennessee authority, discussed above, this Court is not inclined to follow the authorities from other states relied upon by appellant. Where the testator deals with his property in such manner as to clearly terminate a devise or bequest, that devise or bequest is adeemed. Where the action of a third party is relied upon for ademption, such action must be with the authority or consent of the testator or, if not, must result in the obliteration of any identifiable residue which might be identified, and subjected to the devise or bequest.

From all of the above, this Court concludes that the devise of testator's home in Atlanta to Ms. Meredith Klank was not adeemed by the foreclosure sale and that the testator's interest in said home represented by the $55,745.07 now in the custody of the Probate Court, is due to Ms. Meredith Klank.

The judgment of the Probate Court is affirmed. Costs of this appeal are assessed against the appellant. The cause is remanded to the Trial Court for further necessary proceedings.

### AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE