CARROLL v. TAYLOR.

(*Jackson.*    May  8,  1899.)

CHANCERY PRACTICE.    *Cross bill disposed of in advance of original-bill.*

The Chancellor, upon discovering, on a hearing of the whole case, that the original cause is unprepared for a decree, and that the auxiliary case made by the cross complainant is prepared and of such a nature as to admit of full determination without affecting the original cause, may dispose of the latter and hold the former open for further adjudication.

Case cited: Cocke v. Trotter, 10 Yer., 213.

---

FROM  SHELBY.

---

Appeal from Chancery Court of Shelby County. LEE THORNTON, Ch.

CARROLL & McKELLAR for Carroll.

H. J. LIVINGSTON, T. B. TURLEY, and F. H. HEISKELL for Taylor.

BEARD, J.    The question presented in this record is, Can a decree be entered in favor of the complainant in a cross bill, leaving the case made by the original bill undisposed of, because at the time not ready for trial ?

If the present case. was as it is assumed in ar-

Carroll *v.* Taylor.

gument to be—that is, one where the Chancellor, in advance of the preparation of the original cause and independent of it, had taken up the cross bill and entered a decree upon it—we would regard it as unsound practice, and so the subject of reprobation. But such is not. the fact. The decree recites that the cause came on for hearing on the original bill, the answers thereto, the cross bill, and the order *pro confesso* taken against the defendants to the same, and, the Court finding the original cause not ready to be disposed of, and that of the cross complainant in a condition for a decree, therefore pronounces it. While the matters with regard to which relief is sought by the cross bill, are possibly sufficiently incidental to the subject of the original bill as, perhaps, to have saved it from a demurrer if one had been interposed, yet they are so remotely connected with it that a decree could be entered settling finally and conclusively the rights of the parties, without in the least affecting the controversy arising on the original bill. This being the condition of the case, we are not prepared to hold that the decree now complained of was improvidently entered.

It is true the cross bill is a mere auxiliary of the original bill, growing out of the litigation presented by that bill. So intimately are the two connected in practice that in *Cocke* v. *Trotter*, 10 Yer., 213, it is said where "the complainants in a cross bill set it down for hearing, they did an act the

legal effect of which, perhaps, was to set down the principal cause also." And again, that the cross bill "incorporates itself with the original bill, and must be heard with it." This case, however, does not determine the exact question presented by this record—that is, where, upon a hearing of the whole case, the Chancellor discovers the original cause unprepared for a decree, and the auxiliary case prepared and of such a nature as to admit of full determination without affecting the original cause, can he dispose of the latter, and hold up for further adjudication the former?

The Supreme Court of the United States has said: "Both the original and cross bill constitute one suit, and ought to be heard at the same time, consequently 'any decision or decree in the proceedings upon the cross bill is not a final decree in the suit, and not the subject of an appeal to this Court.'" In accord with this case, and furnishing the authority upon which it is rested, are *Cross* v. *De Valle*, 1 Wall., 5, and *Ayres* v. *Cann*, 17 How., 591.

In each one of these last three cases the question arose on an appeal from a decree of the lower Court pronounced on a cross bill, leaving the main cause undisposed of, and in each one the appeal was dismissed as premature from a decree interlocutory and not final. In neither of the cases is it intimated that the practice in question was an erroneous one.

While granting to the full extent the auxiliary

Carroll *v.* Taylor.

nature of a cross bill, yet it is so far independent that the complainant in the original bill failing altogether in maintaining it, the cross complainant may press his claim on his pleading to a decree, and thus obtain full relief upon it, exactly as if it was an original bill.    This being so, we cannot see that there was any improper practice pursued in the present case.

It is proper to add that the Chancellor exercised his legal discretion, under § 4889 of the (Shannon's) Code, in allowing the appeal in this case.