LOGAN & MAPHET LUMBER COMPANY *v.* C. C. & C. CROSS.

*(Knoxville.*   September Term, 1912.)

1. **RES ADJUDICATA.   Decree on demurrer is, when and when not.**

A decree overruling or sustaining a demurrer is *res adjudicata.* Where a demurrer is sustained, and the bill is dismissed, that is a clear adjudication on the facts of the case stated in the bill. Where the bill well states a single ground of relief and a direct demurrer thereto is overruled, and it can be thus seen precisely on what the court acted, that state of facts must be treated in that litigation as sufficient to furnish ground of relief, if substantially proved in the evidence. Where the bill presents several grounds of relief, and it can be seen that the court acted upon each ground, the decree is *res adjudicata*; but a general judgment overruling a demurrer to a bill presenting several grounds of relief, without a written opinion showing the ground of the court's action, amounts only to a decision that there is enough equity in the bill to require an answer.

Code cited and construed: Sec. 4889 (S.); sec. 3874 (M. & V.); sec. 3157 (T. & S. and 1858).

Cases cited and approved: Murdock v. Gaskill, 8 Bax., 22; Rodgers v. Dibrell, 6 Lea, 69, 74; Uhlrick v. Theime, 13 Lea, 320; Battle v. Street, 85 Tenn., 291; Jonrolmon v. Massingill, 86 Tenn., 90; Clark v. Pence, 111 Tenn., 20, 26, 27.

2. **SAME.   Same.   Decree overruling demurrer on every ground is conclusive; case in judgment.**

Where a demurrer assailed a bill upon the ground that complainant was not entitled to relief (1) for want of equity in the bill, and because he participated in the fraud therein alleged, (2) because the fraud alleged was not one of which he had the right to complain, (3) because the former adjudication is a bar to the present action, and (4) because the bill showed on its

face that the cause of action accrued more than one year after the reversal of the judgment for error before the bill was filed, the supreme court's judgment that, in every respect and upon every ground, the demurrer was not well taken, and affirming the chancellor's decree in overruling the same, and remanding the cause for answer and further proceedings, is *res adjudicata* on the same points contained in a new bill filed by complainant within one year after his voluntary dismissal of his first bill; and such decree overruling the demurrer is binding on the defendants, and the questions so made in the demurrer and so overruled cannot be again made upon the hearing where the allegations are sustained by the evidence.

### FROM SCOTT.

Appeal from the Chancery Court of Scott County.— H. G. KYLE, Chancellor.

SHIELDS, CATES & MOUNTCASTLE and J. F. BAKER, for complainant.

E. G. FOSTER, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

The first and fundamental question to be determined is whether the matters contained in the present bill must be considered as settled between the parties, in so far as they are the same as those contained in the bill immediately preceding it, filed by the present complainants against the present defendants, and determined by this court in 1910, on bill and demurrer.

Lumber Co. v. Cross.

To the extent that the two bills are the same, we are of the opinion that the matters involved must be considered settled, as hereinafter more particularly stated.

This conclusion is resisted by defendants on the ground that the judgment of this court overruling the demurrer was general, unaccompanied by a written opinion showing the grounds of the court's action and therefore that, under the authority of *Battle* v. *Street,* 85 Tenn., 291, 2 S. W., 384; *Jourolmon* v. *Massingill,* 86 Tenn., 90, 5 S. W., 719; *Clark* v. *Pence,* 111 Tenn., 20, 26, 27, 76 S. W., 885, and other cases cited therein, it must be true that the judgment amounted to a decision only that there was enough equity in the bill to require an answer, thus leaving undetermined all of the points made in the demurrer.

The basis of the doctrine referred to is that where there are several grounds of relief set up in the bill, and the decision is simply that the demurrer be overruled, it cannot be known whether the court considered each ground separately, and so determined them all, or considered merely that there was enough in the bill on some one or more points to require an answer, even though others might not present sufficient grounds of relief. The present case, however, cannot be decided on the principle stated, because the judgment entered in the former cause shows that each ground of the demurrer was separately acted on and overruled.

This is rendered manifest by the following statement. The grounds of demurrer filed to the former bill were these:

"1. The complainant is not entitled to the relief it prays, nor to any relief, for want of equity on the face of the bill, and because complainant participated in the fraud therein alleged, in that the bill shows that the complainant failed and refused to appeal from the decree fully and finally adjudicating the rights of the complainant and defendants as to the lumber and the value thereof it now seeks to recover, and that it thereby willingly, knowingly, and actively participated in the fraud of which it complains.

"2. The complainant is not entitled to the relief it prays, nor to any relief, because the error and fraud complained of, if it exists as complainant avers, is not one of which it has the right to complain.

"3. The complainant is not entitled to the relief it prays, nor to any relief, because the former adjudication is a bar to the present action.

"4. The complainant is not entitled to the relief it prays, nor to any relief, because the bill shows on its face that the cause of the action accrued more than one year after the reversal of the judgment for error, before the bill in this cause was filed, and because the cause of action accrued more than one year after the time the decree was entered, in which the right to file a proper bill by complainant was not prejudiced by the decree therein before the bill in this cause was filed."

The judgment of this court on the foregoing grounds of demurrer was:

"This court being of opinion that the demurrer in said cause in the court below is in every respect and on every ground not well taken, the decree of the chancellor

overruling same is in all respects affirmed, and said cause is accordingly remanded to the chancery court of Scott county for answer and further proceedings."

It is thus perceived that this court determined in the former case, against defendants, each of the points now, insisted upon as matters of defense arising out of the proceedings contained in that litigation between these parties, to which Joe Wright was a party, viz.: The court, in overruling said grounds of demurrer, adjudged on the facts stated in the bill that complainants did not participate in the fraud alleged as having been committed by Joe Wright, and the present defendants, by failing and refusing to appeal from the decree referred to in the bill in that behalf, that the fraud complained of was not one as to which complainants were debarred seeking relief, that the former adjudication was not a bar to the present action, and that the complainants were not precluded by the one year's statute of limitations; that is, that complainants were not precluded by the fact that the cause of action set up in the bill accrued more than one year after the time the decree was entered which gave them the right to file a new bill without prejudice.

It may be properly remarked at this place that the court, while continuing to recognize the general doctrine laid down in the three cases referred to, has in recent years, when it intended that the overruling of a demurrer should have merely the effect of deciding there was enough in the bill to require an answer, generally, if not invariably, so stated in terms in its decree. This sometimes occurs when the court is of the opinion that

the bill is defectively drawn, not fully stating the equities of the complainant, and that justice requires the facts should be examined by the court as displayed at large in the evidence that may be adduced. It was never intended, by the rule referred to, to deny that when a single ground of relief is well stated in the bill, and directly assailed by demurrer, and the demurrer is overruled applicable to that particular point, such decision is binding on all parties, and not subject to further question on the same facts, if the facts are subsequently proven in substance as alleged in the bill. If it were not intended that such adjudication, when precisely ascertained, should be binding, it would be idle to permit a discretionary appeal on overruling a demurrer, under section 4889 of Shannon's Code. Indeed, it was held in *Groomes & Uhlrick* v. *Theime,* 13 Lea, 320, that a decision overruling a demurrer is *res adjudicata.* It has been generally stated in our cases that a decree either overruling or sustaining a demurrer is *res adjudicata. Murdock* v. *Gaskill,* 8 Baxt., 22, and cases cited in headnote. It was said of these cases in *Rodgers* v. *Dibrell,* 6 Lea, 69, 74, and also in *Battle* v. *Street,* supra, that all that is decided in overruling a demurrer is that the bill contains sufficient equity to require an answer. The two classes of cases, we think, may be harmonized on this principle. Where a demurrer is sustained, and the bill dismissed, that is a clear adjudication on the facts of the case stated in the bill. Where the demurrer is overruled when filed to a bill stating a single ground of relief, and it thus can be seen precisely

Lumber Co. v. Cross.

on what the court acted, that state of facts must be treated in that litigation as sufficient to furnish ground of relief, if substantially proven in the evidence. So, where a bill presents several grounds of relief, and it can be seen that each one of these was acted upon by the court, the same result follows. Where the bill presents several grounds of relief, and the decree overruling the demurrer is general, of course, it cannot be known on what ground the judgment of the court was entered, and hence this results only in the decision that there is enough equity in the bill to require an answer. Where there is an opinion filed stating the grounds on which the court acted in overruling the demurrer, the matters so decided must be treated as settled between the parties, and not subject to be subsequently controverted in that case, and must be considered as entitling the complainant to relief if the grounds are subsequently maintained in the evidence. In the present case the bill to which the demurrer was overruled was, after a remand of the cause, dismissed on the complainant's own motion, and a new bill prepared containing the same matter, filed within a year thereafter; the dismissal having occurred because the complainant could not get his case ready for trial at the term of the court during which it was called. Under such a state of facts the decision overruling the demurrer would be binding on the parties, and not subject to question on proof of the facts alleged. The evidence fully sustains the allegations of the two bills, wherein they are the same.