OWENS v. OWENS et ux.—106 S. W. (2d) 227.

Middle Section.   January 23, 1937.

Rehearing denied March 1, 1937.

Petition for Certiorari denied by Supreme Court, June 17, 1937.

W. A. Garrett, of Jamestown, for appellant.
Reagan & Hale, of Jamestown, for appellee.

FAW, P. J.   Elbert Owens brought this suit by bill filed in the chancery court of Fentress county on April 4, 1935, against Burton Owens and wife, Lucinda Owens.   The parties are resident citizens of Fentress county, Tenn.   The complainant is a son of the defendants.

The chancellor granted the relief sought by the complainant's bill, and the defendant Burton Owens brought the case to this court by appeal and has assigned errors here.

Complainant alleged in his bill that he is the owner·and entitled to the exclusive possession of five tracts of land in Fentress county, Tenn., which are fully described in his bill;   that he is the owner of said tracts of land by virtue of a deed made and executed by the defendants on the 20th day of May, 1931, and recorded in the register's office of Fentress county in Deed Book X2, p. 453.

The further allegations of the bill are as follows:

"Complainant shows to the court that he has allowed the defendants to occupy the tract of land described and set out herein as the Second Tract as tenants at will of complainant.   That defendants have now assumed to claim some right in and to all the boundaries herein set out and described, that defendant, Burton Owens, has been cutting and appropriating a part of the timber from some of the tracts;   that he has hauled this timber off and sold it and appropriated the money;   and that he is continuing to cut and appropriate this timber from time to time."

After the usual prayer for process and waiver of answers on oath, the complainant prayed for an injunction restraining the defendants from further cutting and appropriating any of the timber on the tracts of land described and set out in the bill, and that on the hearing the injunction be made permanent;   that complainant be decreed to be the owner of said land and entitled to the immediate possession thereof;   that complainant have a writ of possession to put him into possession of the land described in the bill, and that he be granted general relief.

Counsel for both parties seem to have regarded this case as an action of ejectment.   We do not think that it may be properly so char-

acterized. With respect to the action of ejectment, the Code (section 9123) provides that, "It is sufficient for the plaintiff to allege in his declaration that he was possessed of the premises sued for at the time specified, which should be after his title accrued, and, being so possessed thereof, the defendant afterwards, on a day stated, entered thereon, and unlawfully withholds the same, to the plaintiff's damage, naming the sum."

Complainant does not allege in his bill that the defendants entered on the premises sued for after complainant's title accrued. Moreover, complainant does not allege that he has ever at any time been in the possession of the premises, but alleges that he has allowed the defendants to occupy the tract described in the bill as the second tract as "tenants at will of complainant." Lacking essential allegations prescribed by the Code (section 9123, supra), and affirmatively alleging that defendants are in possession of at least one of the tracts sued for as tenants of complainant, the action may, we think, be classified as an action of unlawful detainer (Code, sec. 9247) rather than an action of ejectment. However, under the peculiar facts of this case, we do not think it material whether the suit be treated as an action of ejectment or of unlawful detainer, for the chancery court had jurisdicition in any event by virtue of Code sec. 10377.

On preliminary application, the chancellor granted a fiat for a temporary injunction as prayed for in the bill, and bond therefor was executed and filed by complainant, with sureties; but we have not found a writ of injunction in the record. The defendants answered the bill and filed their answer as a cross-bill. Their answer was, in substance, that the aforesaid deed is absolutely void for the reasons that (1) the conveyance of said tracts of land to said Elbert Owens was without any consideration; (2) that said deed was not made or executed for the purpose of passing the title to the said Elbert Owens, and that an agreement was made between the defendants and complainant, Elbert Owens, that the legal title would not pass thereby, and that complainant, Elbert Owens, would reconvey said lands to the defendants at any time he was requested to do so; (3) that defendants have made repeated requests upon the complainant, Elbert Owens, to reconvey said lands to them and that he has failed, neglected, and refused to do so, and is now trying to set up said deed and claim title thereunder; and (4) defendants aver that said deed is utterly void and should be by the court canceled and declared void for the reasons stated.

Defendants state further in their answer that the complainant is their son and that they have one other child living, a daughter, and that complainant is now, and has been for about a year, trying to set up this false, fraudulent, and void claim and to take their home from them in their old age without one penny consideration.

· The answer of the defendants was amended on the same day it was filed by an order of record as follows:

"In this cause comes the defendant Burton Owens, and moves the Court to be permitted to amend his answer heretofore filed in this cause, so as to fully and specifically plead and rely upon the Statute of limitations of three, six and twenty years as an estoppel and complete bar to complainant's right of action and/or to maintain and prosecute this action; that is to say, defendant says he has been in full, exclusive, quiet and peaceable possession of all the lands sued for, described in the bill, claiming the same adversely to the complainant and all other persons, under registered assurance of title purporting to convey an estate in fee for a full period of more than three, more than seven and more than twenty years next before the bill in this cause was filed, and to further specifically plead that the deed under which the complainant claims is false, fraudulent and void and that said deed communicated to the complainant no title or right to the possession to said lands, that said deed was not intended when executed to convey to the complainant any title or right to the possession to said lands, that said deed was never in contemplation of law delivered to the complainant, and that absolutely not one cent of consideration ever passed from the complainant to the defendant for and on account of the execution of said deed, and that the complainant is now estopped to rely on said deed as a muniment of title on account of his own wrongs and fraudulent conduct in the execution of said deed, which fraud was acquiesced in and condoned by the complainant.

"Which motion to amend the answer being seen and fully understood by the Court is allowed and the defendants' answer is so amended of record."

Upon the allegations of their answer, the defendants, as cross-complainants, prayed that the deed mentioned in complainant's bill be declared fraudulent and void and set aside, and that the title to said land be decreed to be in the defendant Burton Owens, and that he be given the full and exclusive possession thereof; that if necessary a writ of possession be awarded, issued, and served to remove the complainant from a small portion of said land where he has been living by permission of the defendants.

For defense to said cross-bill, the cross-defendant, Elbert Owens, filed two pleas, the first of which was a "plea of res adjudicata," as follows:

"The complainant and cross-defendant, Elbert Owens, for plea to the cross-bill filed against him in this cause, says, that heretofore cross-complainant and defendant, Burton Owens and Lucinda Owens, have filed their bill in your Honor's Court, against the complainant and cross-defendant, Elbert Owens, for the same matter and demand

and to the same effect, and for like relief, as is by their present cross-bill demanded and set forth. A certified copy of said bill is hereto attached and marked exhibit 'A' to this plea.

"Subpoena issued and was served on complainant and cross-defendant, Elbert Owens, and he appeared and made defense to said bill. A certified copy of his pleadings therein filed are hereto attached, and marked exhibit 'B' to this plea.

"The cause came on to be heard before the Hon. C. J. Cullom, then Chancellor, at the September, 1934, term of this Court, and the cause was heard by said Chancellor on the ——— day of ———, 1934; and the Court decreed that defendants' and cross-complainants' bill be and it was dismissed. A certified copy of the decree rendered in the cause is hereto attached and marked exhibit 'C' to this plea.

"Complainant and cross-defendant, Elbert Owens, therefore alleges that this former suit and the decree rendered therein is a final decree and a complete adjudication on the merits of defendants and cross-complainants, Burton Owens and Lucindia Owens, demand and cause of action as alleged in their present cross-bill.

"Therefore, complainant and cross-defendant, pleads said former suit, proceeding and adjudication in bar of the present cross-bill; and avers and says that said adjudication is and remains in full force and effect; and he prays the judgment of the Court whether he shall be required to answer further, and prays that this cross-bill be dismissed at the cost of the defendant and cross-complainant."

The second plea of the cross-defendant was a plea of the statute of frauds (Code 1932, section 7831), as follows:

"And the complainant and cross-defendant, Elbert Owens, for further plea says; that neither he nor any person by him, thereunto lawfully authorized, did ever sign any contract or agreement in writing, or any memorandum or note thereof, for the sale or reconveyance of the said tracts of land mentioned in the bill and cross-bill, or to hold the said land in trust for them, or to convey to them any right, title, or interest whatever in and to the said tracts of land mentioned; and the complainant and cross-defendant relies on these matters, and the statutes for the prevention of frauds and perjuries, in bar of defendants' and cross-complainants' suit and cross-bill; and pray that the cross-bill be dismissed."

On September 27, 1935 (a day of the September, 1935, term of the chancery court of Fentress county), a decree was entered in this cause as follows:

"This cause came on to be heard on this the 24th. day of September, 1935, before the Hon. A. F. Officer, Chancellor, on the Cross-bill of defendant and Cross-Complainant, Burton Owens and the Plea of Res Adjudicata filed thereto by complainant and Cross-defendant, Elbert Owens, and the exhibits filed to said plea, and

after a hearing of which and the argument of Counsel for both parties, the Court is of the opinion that the matters complained of in said cross-bill and the relief sought have heretofore been adjudicated by a court of competent jurisdiction, which adjudication is binding on Cross-complainant, Burton Owens.

"It is therefore ordered, adjudged, and decreed, that the plea to the Cross-bill be sustained, and the Cross-bill be and hereby is dismissed, and the cost of this hearing is adjudged against Cross-complainant, Burton Owens.

"And upon application of defendants, supported by affidavit, this cause is continued until the next term of Court, and remanded to the rules for proof.

"To the action of the Court in sustaining the defendants' plea of Res Adjudicata and in dismissing defendants' Cross-bill and in taxing the defendant and Cross-complainant with costs, the defendant and Cross-Complainant, Burton Owens excepted at the time and now excepts and prays and appeal to the next term of the Court of Appeals at Nashville, Tenn., which appeal is by the Court denied for the present, to which action of the Court the deft. excepts."

At the next succeeding term of the chancery court of Fentress county (March term, 1936), an application by defendants for a continuance of the case to the next term was overruled, and a final decree was entered in the cause as follows:

"This cause came on to be heard on this the 26th. day of March, 1936, before the Honorable A. F. Officer, Chancellor, upon the bill of complainant, the answer thereto, and upon all the pleadings and former orders in this cause, and upon a deed, dated the 20th. day of May, 1931, from defendant Burton Owens and Lucindia Owens, conveying the land described and set out in the bill to complainant, Elbert Owens; and after due consideration of all of which, and the argument of counsel, the Court is of the opinion that the allegations of the bill are sustained and that complainant is entitled to the relief sought by the bill.

"It is, therefore, ordered, adjudged, and decreed by the Court that the injunction heretofore granted be and the same is hereby made permanent.

"It is further ordered, adjudged, and decreed that the complainant, Elbert Owens, is the owner in fee and entitled to the exclusive possession of the following described tracts or parcels of land described and set out in the bill, as follows, to-wit:

(Here follows the description of the five tracts of land described in complainant's bill).

"It is further ordered, adjudged, and decreed that the Writ of possession will issue to put complainant in possession of said land, unless the defendant perfects an appeal in accordance with sections 9142-9144 of Code within thirty days of this date."

Defendant Burton Owens filed a petition for a rehearing, and thereupon an order was made and entered as follows:

"In this cause the defendant Burton Owens on this Thursday morning, April 2, 1936, presents his petition to re-hear which is by the Court ordered filed and made a part of the record in the cause, which petition the Court is pleased to and does overrule and disallow and to which action of the Court the defendant Burton Owens excepted at the time and now excepts and to all of the action of the Court the said Burton Owens excepts and prays an appeal to the next term of the Court of Appeals at Nashville, Tennessee, which appeal by the Court is granted and allowed and he the said Burton Owens is given thirty (30) days from this date in which to file his appeal bond or to otherwise comply with the law in taking the oath in lieu thereof."

In due season, the appellant, Burton Owens, perfected his appeal by filing the oath prescribed for poor persons, and a bond for rents as decreed by the court under Code, section 9144.

It is seen from the foregoing recital of the history of this case in the chancery court that it was heard "on the cross-bill of defendant and cross-complainant Burton Owens, and the plea of res adjudicata thereto by complainant and cross-defendant Elbert Owens, and the exhibits filed to said plea," at the September term, 1935, and a decree dismissing the cross-bill at the cost of cross-complainant was entered at that time, and by the same decree the case was continued to the next term and "remanded to the rules for proof." Thereafter, at the March term, 1936, the case was heard "upon the bill of complainant, the answer thereto, and upon all the pleadings and former orders in this cause, and upon a deed, dated the 20th day of May, 1931, from defendant Burton Owens and Lucindia Owens conveying the land described and set out in the bill of complainant Elbert Owens."

To thus take up the cross-bill and enter a decree upon it in advance of the original cause, and independent of it, has been characterized as "unsound practice, and so the subject of reprobation." Carroll v. Taylor, 102 Tenn., 451, 452, 52 S. W., 139. The relation of a cross-bill to the original suit is stated in Gibson's Suits in Chancery (2 Ed.), section 726, as follows:

"It must be kept in mind that a cross bill is an auxiliary suit, a dependency of the original litigation, and can be sustained only on matter growing out of the original bill. It is for this reason a cross bill must be heard with the original bill. If a cross bill be set for hearing, the legal effect thereof is to set the original bill for hearing, also; for the cross bill incorporates itself with the original bill, and the two bills really constitute one cause. And even when the decree on a cross bill alone has been appealed from, so wedded are the two bills that the appeal takes them both up; and, in the Supreme Court,

the whole case on both bills is open for re-adjudication; so much so, that there the decree on the original bill, though not appealed from, may be reversed.''

However, as the ruling of the chancellor on the cross-defendant's plea of res adjudicata to the cross-bill was manifestly correct, and the case was finally heard at the March term, 1936, not only on the original bill, answer thereo, and the aforesaid deed exhibited therewith, but also upon ''all the pleadings and former orders in the cause,'' we are not prepared to hold that the irregular manner in which the case was heard by piecemeal, as above pointed out, would, in the absence of other error on the record, require a reversal of the decrees of the chancery court.

But we are of the opinion that the appellant's second assignment of error through which he challenges the correctness of the final decree of the chancery court, rendered at the March term, 1936, must be sustained.

The record in the former case of Burton Owens et al. v. Elbert Owens et al., upon which complainant Elbert Owens (as cross-defendant) relied in support of his plea of res adjudicata to the cross-bill of defendants, shows that the bill of Burton Owens in said former case was dismissed because it appeared that he had executed the deed to Elbert Owens, which he there sought to have canceled and removed as a cloud on his title, for the purpose of hindering and delaying his creditors in the collection of their debts.

The present complainant, Elbert Owens, was the grantee in the aforesaid deed, which the court held, at his instance, in said former case, had been executed to him for the fraudulent purpose aforesaid, and he is now seeking the aid of a court of equity to put him in possession of the property described in the deed which he has, in his solemn pleading in a court of equity, branded as fraudulent, and which was so adjudged.

It is a settled maxim of equity that ''He who comes into equity, must come with clean hands.''

''If a contract is affected with fraud, or has a fraudulent purpose, none of the parties to such fraud can have the assistance of the court, either to compel the execution of such contract, or to have it cancelled, or to have the property or interests, transferred thereunder, restored. Equity will leave such parties where they have placed themselves, and will refuse all affirmative aid to either of the fraudulent participants.'' Gibson's Suits in Chancery (2 Ed.), section 42.

''Parties are not only bound to act fairly in their dealings with each other, but they are not to expect the aid of a court of equity to enforce an agreement made with the intent that it shall operate as a fraud on the private rights and interests of third persons.'' 10 R. C. L., page 390.

"Equity will not aid persons to get relief from situations which result from the conveyance of their property in fraud of creditors. It will not enforce a secret trust by compelling a fraudulent grantee to reconvey, neither will it require such grantee to account. The same rule applies in the case of other devices to defraud creditors. Not only is the fraudulent debtor denied relief, but also his fraudulent grantee, when the latter comes into equity to assert his claim." 21 C. J., page 184, section 167.

The courts will not extend their aid to either party in such transactions, but will repel them whenever they present themselves. They must be left to the advantages or disadvantages of the condition in which they have placed themselves. Simmons v. Kincaid, 5 Sneed, 450, 454; Swan v. Castleman, 4 Baxt., 257, 269.

The maxim, "He who comes into Equity must come with clean hands" has been applied in numerous other reported cases in Tennessee, and among them, the following: Derrington v. Ellis, 2 Shan. Cas. 643; Caldwell v. Insurance Co., 124 Tenn., 593, 612, 139 S. W., 698; Hunter v. Gardenhire, 13 Lea, 658, 665; Nichols v. Cabe, 3 Head, 92; Searcy v. Carter, 4 Sneed, 271; Taylor v. Harwell, 5 Humph. 331; Goodwin v. Hunt, 3 Yerg. 124, 126.

Complainant must come with clean hands whether he comes under the original or the statutory jurisdiction of the chancery court. Sartain v. Dixie Coal & Iron Co., 150 Tenn., 633, 634, 646, 266 S. W., 313; Lenoir v. Mining Co., 88 Tenn., 168, 14 S. W., 378; 21 C. J., p. 191, sec. 177.

And this defense is available without pleading. C. F. Simmons Medicine Co. v. Mansfield Drug Co., 93 Tenn., 84, 98, 23 S. W., 165.

"The unconscionable character of a transaction between the parties need not be pleaded by defendant. Whenever it is disclosed the Court will of its own motion apply the maxim. It does not matter at what state of the proofs or in what order a lack of clean hands is discovered." 21 C. J., p. 186, sec. 171.

Appellant's second assignment of error is sustained for the reasons above stated. This ruling renders the remaining assignments of error immaterial, and their consideration will be pretermitted.

It results that the final decree of the chancery court, sustaining the original bill and granting the relief sought thereby, is reversed, and the bill of complainant, Elbert Owens, will be dismissed, and a decree will be entered here accordingly.

The costs of the cause accrued in the chancery court (except the costs adjudged against cross-complainant Burton Owens on the dismissal of his cross-bill) and the costs of the appeal will be adjudged against the complainant, Elbert Owens, and the sureties on his cost bond in the chancery court.

Crownover and DeWitt, JJ., concur.

On Petition for a Rehearing.

FAW, P. J. An opinion was filed and a decree entered in this cause on a former day of the present term reversing the decree of the chancery court and dismissing the bill of complainant, Elbert Owens.

The issues made by the pleadings, the material facts disclosed by the record, and the grounds upon which this court based its reversal of the decree of the chancery court, are all stated in our former opinion, to which we refer without repetition, other than certain brief references hereinafter made.

The case is now before us for the disposition of a petition for a rehearing seasonably filed by the appellee, Elbert Owens, complainant below.

Counsel for petitioner state in their brief filed for support of the petition to rehear that, if petitioner "knowingly participated in a fraud," when he accepted the deed under which he is claiming title in this case, the former decree of this court was right; but in the petition to rehear it is stated: "The Court evidently overlooks the fact that there is no evidence in the record that complainant knew this was a fraudulent conveyance, and there is no admission in the record on the part of the complainant that it was a fraudulent conveyance, or that he had any knowledge of or participated in any fraud."

As stated in our former opinion, defendants Burton Owens and wife filed their answer as a cross-bill, seeking to have the deed under which complainant was claiming title declared fraudulent and void and to have it set aside, and, among other defenses to said cross-bill, the present petitioner pleaded res adjudicata and introduced the record in a former case of Burton Owens and wife v. Elbert Owens and wife in the chancery court of Fentress county, wherein the present defendants (Burton Owens and wife), by their original and amended bills, sought substantially the same relief as they are seeking by their cross-bill in the instant case.

Burton Owens and wife alleged in their bill, as amended, in said former suit, among other things, that no consideration was ever paid, and none was to be paid, for the conveyance evidenced by the deed in question, but that said deed was only intended to convey the land therein described to Elbert Owens to be held by him in trust for the complainants, Burton Owens and wife, until such time as they desired or demanded that it should be conveyed back to them or to any person whom they might direct; that Burton Owens "was financially involved and the deed was executed for the purpose of protecting himself until such time as he could settle and discharge his liabilities;" that, at the time said deed was executed, "complainant, Burton Owens, was indebted to one A. B. Potter, and that said deed

was executed in order to give complainants a chance to pay off said indebtedness without having all their lands levied on and the title to same beclouded. That since the execution of said deed, complainants have paid off and discharged said indebtedness, and after this was done, they requested and demanded of said Elbert Owens that he reconvey to them the said lands, as he agreed to do upon demand, when the deed was executed; that the defendants failed and refused to execute said deed, although they have never claimed that they were the owners of said land, and the possession of said lands was never, at any time, surrendered to the defendants and they have never been in possession of the same, adverse to the complainants.

"It is true that the defendants live in a little house on the home tract of land, described in the bill, and have cultivated some of the land, by permission of the complainants.

"They were living there at the date of the execution of the deed, and complainants charge and aver that, although the deed recites in its face a consideration of one dollar ($1.00) and other considerations, not one cent was ever paid by said defendants for said land, and no such was ever made to them for it.

"The deed was simply made to permit the defendant, Elbert Owens, complainants' son, to hold such land in trust for the complainant, Burton Owens, until such time as the complainant, Burton Owens, could pay off and discharge said indebtedness, which he has done."

Elbert Owens and wife demurred to the aforesaid former bill of Burton Owens and wife, and, for cause of demurrer, stated that, "the bill shows on its face that the complainants conveyed the land, they now seek to recover, to these defendants, for the purpose of hindering and delaying their creditors; and they willingly, knowingly and actively participated in the fraud of which they now complain. Wherefore, these defendants pray the judgment of the Court whether they shall be compelled to answer further, and pray to be dismissed."

The chancellor held, "That the demurrer is sufficient in law, and will have to be sustained, and the bill and amendment thereto will have to be dismissed, as the bill on its face shows it was made in violation of statute, and with intent to hinder and delay creditors from collecting their debts from the complainant, and was a contract contrary to public policy and a fraud, and by reason thereof was not entitled to relief in this Court."

From the decree thus rendered by the chancery court there was no appeal.

It is obvious that the aforesaid demurrer filed by petitioner in the former cause was not based on formal or technical omissions or defects in the bill, but raised a question of substance, going to the merits of the cause of action, and the chancellor properly held that the former judgment was a complete bar to the cause of action

which Burton Owens sought to set up by his cross-bill in the present case. 34 C. J., pp. 797, 798, sec. 1219; Logan & Maphet Lumber Co. v. Cross, 126 Tenn., 695, 151 S. W., 51; Parkes v. Clift, 9 Lea, 524.

Under elementary rules, the demurrer admitted the truth of the allegations in the bill which showed not only that the deed in question was made for the purpose of hindering and delaying the creditors of the grantor, Burton Owens, but also that it was made without consideration, and upon an agreement by the grantee, Elbert Owens, to reconvey the land to Burton Owens when the latter had discharged the debts which he then owed.

Upon his demurrer thus admitting the facts alleged in the bill, petitioner obtained a decree of the court in his favor, and he has invoked that decree for his defense in the present case. If he would take the benefits of the former suit, he must assume its burdens.

"It may be laid down as a general rule that a party will not be allowed in a subsequent judicial proceeding to take a position in conflict with a position taken by him in a former judicial proceeding, where the later position is to the prejudice of the adverse party, and the parties and the questions involved are the same." 10 R. C. L., p. 702, par. 29.

Petitioner accepted the fraudulent deed and there is no evidence in the record of the instant case that there was any consideration for the conveyance, or that petitioner was ignorant of the fraudulent purpose for which it was made. He cannot now assume a position inconsistent with that maintained by him in his former suit and deny the admissions made therein. Stearns Coal & Lumber Co. v. Jamestown Railroad Co., 141 Tenn., 203, 206, 208 S. W., 334.

The petition for a rehearing is denied and dismissed at the cost of the petitioner.

Crownover and DeWitt, JJ., concur.